No. 35,608

HELEN E. CESSNA, *Appellee,* v. NOEL M. CESSNA, *Appellant.*

(130 P. 2d 560)

Opinion filed November 7, 1942.

*Charles C. Calkin,* of Kingman, argued the cause, and *Paul R. Wunsch,* of Kingman, was on the briefs for the appellant.

*T. M. Flick,* of Kingman, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for divorce and for the construction of a contract, and if the contract was not construed in a certain way, asking that it be set aside. The divorce was granted, the contract set aside and alimony awarded. From so much of the judgment as related to the contract and alimony the defendant has appealed.

The petition alleged that plaintiff and defendant had entered into an agreement whereby plaintiff, in consideration of waiving her right of inheritance in all property owned by defendant, was to receive a deed to two described quarter sections of land in Gray county; and that a deed to two quarter sections was executed and delivered to her. The petition further alleged from October 12, 1940, to May, 1941, plaintiff and defendant were living apart, and defendant contributed $70 a month as support money for plaintiff and the three minor children; that from June, 1941, to the time of filing the petition defendant had contributed nothing; that the contract did not provide that it should be a complete settlement of the property rights of the parties, but was made in connection with a last will and testament which was made and executed by the defendant; that the matter of a settlement of their property rights was discussed by the parties and reduced to writing by the defendant, a copy of this

writing was attached to the petition and marked exhibit B; that an agreement, exhibit A, attached to the petition was written by an attorney, and the defendant represented to the attorney and plaintiff that it was for the purpose of determining the rights of inheritance between the parties. The petition further alleged that in the event the court should construe exhibit A as determining the present property rights of the parties during their lifetime instead of as intended by the parties, then the contract should be set aside because defendant used duress in inducing plaintiff to sign it and plaintiff had signed it believing that it was only to determine her rights of inheritance and believing that defendant would carry out his oral agreement according to the terms of exhibit B; that the contract should be set aside for the further reason that at the time exhibit A was entered into defendant represented that the real estate which plaintiff was receiving was free of encumbrance when as a matter of fact taxes were due and owing on it in the amount of about $500 and it was in danger of being lost by tax foreclosure, and these facts were known to defendant and unknown to plaintiff at the time the contract was signed, and defendant fraudulently misrepresented these facts to plaintiff to secure her signature.

The prayer was for a divorce, the custody of the children, support money for the children, that the pretended contract be construed, or in the alternative be canceled, for a division of property and such alimony as the court should deem just and proper.

Exhibit A provided that the defendant would convey to plaintiff two quarter sections of land, and in consideration of this conveyance to her plaintiff agreed that it should be all of her husband's estate that she should receive, and she waived any right of inheritance and all homestead rights in his property. The agreement further provided that each of the parties could manage their property the same as if they were single. Exhibit B was as follows:

"1. I stay all night.
"2. $1500. I'll keep the children this winter here.
"3. 2 q land.
"4. I give you all the household good."

The answer was first a general denial, then it admitted the marriage and the birth of the three children and that defendant had provided proper support for the children up to May, 1941, but denied that during July, 1941, he refused to make further payments for the support of plaintiff and the children.

Defendant admitted the execution of the contract by the parties and denied that it was intended that the contract should not constitute a full settlement; that shortly prior to the time when the contract was executed plaintiff had abandoned defendant and expressed her determination to live apart from defendant and it was intended that the only remaining obligation of defendant was to support the minor children; that plaintiff instituted an action for divorce in Geary county, Kansas, and it was pending until a short time before the instant action was brought.

The answer denied that any fraud or duress was practiced on plaintiff in connection with the making of the settlement, and alleged that plaintiff knew all about the taxes due on the land, but that if her allegations with reference to the fraud were true she was estopped from relying on this fraud because she did not promptly repudiate the contract, but with full knowledge of all the facts, took possession of the property and received the benefits.

The reply was a general denial.

The trial court made findings of fact to the general effect that the parties had lived in Kingman county and that plaintiff and the three children were established in Manhattan in August, 1940, and that defendant called upon plaintiff and the children there on October 12, 1940, and defendant made the memorandum referred to in the petition as exhibit B. When the contract was entered into on October 12, 1940, the defendant was very aggressive and fully dominated the situation; that at the same time defendant had counsel draw his will, which he executed, leaving all his property to his wife; that about December 20, 1940, defendant advised plaintiff that he wanted a divorce; that when the contract was signed October 12, 1940, plaintiff was unduly influenced by the defendant and signed it under the domination of the defendant without knowledge or advice as to the effect of the agreement and will of the defendant; that counsel who prepared the instruments was advised by both parties that they were not being drawn in contemplation of separation or divorce; that the provisions made for the plaintiff in the property agreement did not equal in value one-fourth of the fair and reasonable value of all the property owned by the parties at that time, and as to the plaintiff the property agreement is unjust and unfair and was not mutually entered into between the parties as a final adjustment of their property rights nor in contemplation of separation or divorce; that defendant told plaintiff he was giving her the two Gray county

quarters because they were the only unencumbered real estate he then owned and there were unpaid taxes against this land, and that thereafter plaintiff filed an amended petition in a divorce action then pending in Geary county in which she set up the tax liens and alleged fraud in the procuring of the property settlement and failure of defendant to pay plaintiff the $1,500 which he had agreed to pay her; that plaintiff later dismissed the Geary county action.

The court further found that in June, 1941, defendant sent word to plaintiff that the plaintiff should look after the harvest on the Gray county land; that plaintiff did go to Gray county and look after the harvest and took a landlord's share of the crop raised on this land and appropriated it to her own use, and on August 30 she redeemed one of the Gray county quarters from the years 1932 and subsequent thereto in the amount of $296.10; that on November 25, 1941, the net worth of the real estate owned by the parties was $7,600 and the net value of the personal property was $1,400; that plaintiff had received property worth $300.

The court concluded as a matter of law that the plaintiff was entitled to retain the two quarters that had been conveyed to her, and the household goods and other property taken with her to Manhattan and to the sum of $1,800 to equalize values, which should be paid to her by defendant on or before January 1, 1943, and until paid should be a lien upon the home farm in Kingman county; that defendant should pay to plaintiff as alimony the sum of $600, payable in installments of $50 per month, and $30 a month for the support of the children until the further order of the court.

Defendant filed a motion to modify and set aside the findings and conclusions and to make different findings, whereupon the court made additional findings to the effect that while plaintiff was in Gray county looking after the land and the harvest thereon she was not only looking after the land which had been deeded to her by the defendant, but was looking after all of the land owned by plaintiff and defendant for the common good of both parties and their children; that the $1,500 mentioned in plaintiff's exhibit 2, as set out in finding No. 6 herein, was promised plaintiff by defendant from the proceeds of certain cattle which defendant expected to sell. He asked that said $1,500 not be in the contract, plaintiff's exhibit A, because he did not know when he would sell the cattle. Plaintiff did not know when he would sell the cattle. Plaintiff did not learn of the sale or disposal of the cattle and certain other property until in July after her return from Gray county.

Defendant filed a motion to set these findings aside and for a new trial. These motions were overruled and judgment was entered in accordance with the conclusions of law. Hence this appeal.

Defendant argues that the trial court had only to determine whether to construe the contract as a surrender of only the plaintiff's right of inheritance. If so construed to allow her to keep the property deeded to her and still grant alimony and property division, or if not so construed to set the whole settlement aside because of duress alleged and make a new property settlement and grant alimony. Defendant argues that the court failed to construe the contract but set it aside because it was unjust and inequitable and was procured under duress and fraud. He argues that if the court set the contract aside because it was unjust and inequitable such conclusion was not within the issues. He argues that plaintiff made no such claim. He then argues that if the court set it aside on account of duress and fraud such a conclusion was at complete variance with the evidence and in disregard of plaintiff's ratification.

The petition alleged that the contract should be set aside because defendant threatened, coerced, tormented and harassed the plaintiff and threatened bodily harm, and that he represented to her that the real estate he conveyed to her was clear when as a matter of fact it was encumbered.

The answer denied these allegations expressly. The court found that the defendant fully dominated the situation when the contract was signed; that plaintiff was unduly influenced; that the settlement was unjust and unfair and was not mutually agreed upon as a settlement of property rights, and that defendant told plaintiff that the land she was getting was not encumbered when as a matter of fact it was. There was substantial evidence to support these findings. It would add nothing to this opinion to set out that evidence here.

The rule as laid down in 30 C. J. 1060 is as follows:

"It must appear that the husband exercised the utmost good faith; that there was a full disclosure of all material facts, including the husband's circumstances and any other fact which might affect the terms of the contract; and that the provisions made in the agreement for the wife are fair, reasonable, just, equitable, and adequate in view of the conditions and circumstances of the parties at the time, that is, in view of the property of the husband, the needs of the wife, and their station in life."

See, also, note at page 823 of 5 A. L. R.

An examination of the findings of fact by the court in this case

indicates that the surrounding facts and circumstances, the, position of the parties, and the fact that most of their property 'had been accumulated during the time that they were married, were all considered. It appears that the husband was given the home farm, which was the most valuable piece of real estate they owned, while the wife was allowed to retain the two other farms that the husband had conveyed to her and was given $1,800 besides. It was necessary that she have this $1,800 in order to make her share of the joint property more nearly equitable.

In view of what has been said with reference to this contract and the allegations of the pleadings we find it unnecessary to examine the other points that are raised in the brief of the appellant.

The judgment of the trial court is affirmed.